UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

ALLEN WALKER,

　　　　　　　　　　Defendant.

---

18 Cr. 454 (KPF)

**TEMPORARY RELEASE ORDER**

KATHERINE POLK FAILLA, District Judge:

Upon the application of Jeffrey Pittell, Esq., attorney for ALLEN WALKER, the defendant, for temporary release during the current COVID-19 pandemic, and with the Government's consent,

IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. § 3145(c), the defendant's application is GRANTED under the following conditions:[1]

　　a.　A personal recognizance bond in the amount of $100,000, to be signed by the defendant and co-signed by four (4) financially responsible persons who shall be subject to the approval of the United States Attorney's Office;

　　b.　All mandatory conditions of release, including this Court's standard "Order Setting Conditions of Release" form;

　　c.　Travel restrictions to include the Southern and Eastern Districts of New York, the Northern District of Georgia, and any districts

---

[1] This Order is based on facts and circumstances unique to this defendant, including the Government's consent to the entry of this Order.  It should not be construed as a determination by this Court that any other defendant qualifies for release, or that pretrial or presentence detention is unsafe or otherwise inappropriate as a general matter or in any other specific case.

between these points through which the defendant passes on his way to the situs of his home incarceration;

      d.    Home incarceration at the residence of Janine Williams, located at 439 Jaywood Drive, Stone Mountain, Georgia 30083 (the "Residence") to be enforced by location monitoring, with monitoring by means chosen at the discretion of Pretrial Services;

      e.    Third-party custodianship by Janine Williams, who shall be responsible to this Court for ensuring the defendant's compliance with all conditions of release;

      f.    24-hour lockdown at the Residence, except for emergency medical visits and court proceedings; any other leave from the Residence must be approved by either the Pretrial Services Office or the Court on application from defense counsel;

      g.    Within one week of his release, the defendant must purchase or secure a phone with video conference/virtual capabilities in order to permit monitoring by Pretrial Services;

      h.    Immediately following the defendant's release from jail, which is to occur on a weekday, he must report immediately to Pretrial Services at 500 Pearl Street, New York, New York to be fitted with location-monitoring technology, which he will wear unless and until he receives replacement technology from Pretrial Services in the Northern District of Georgia. If Pretrial Services is unable to outfit the defendant with such technology on the day of his release, then for fourteen (14) days after the defendant's release, or until

such time as Pretrial Services or the Court directs otherwise, the third-party custodian Janine Williams, together with the defendant, must have daily contact with the Pretrial Services Office through videoconferencing technology;

    i.    After being outfitted with location-monitoring technology, the defendant is to proceed to Room 520 in 500 Pearl Street to sign the appearance bond. If the defendant is unable to sign the bond on the day of his release, then within 24 hours of the defendant's release, defense counsel shall confer with the defendant, obtain the defendant's authorization to sign the bond on his behalf, return the signed bond to the Court clerks, and certify in writing to the Court that:

        i. the defendant has authorized defense counsel to sign on his behalf,

        ii. defense counsel has explained the conditions of temporary release to the defendant, and

        iii. the defendant has represented to his attorney that he fully understands and intends to comply with those conditions;

        iv. Additionally, within one week, the defendant shall personally sign the bond and return it as directed by the Pretrial Services Office or the Court clerks.

    j.    After being outfitted with location-monitoring technology and signing the appearance bond, the defendant will immediately proceed by car to the Residence, and will make no unnecessary stops en route to the Residence;

3

    k. No visitors to the Residence except for the regular occupants of the residence;

    l. Pretrial services supervision as directed by the Pretrial Services Office;

    m. Pretrial Services to conduct a home visit as soon practicable to install any monitoring technology that it selects and to establish all remaining safeguards;

    n. If and as directed by Pretrial Services, the defendant will self-install location monitoring technology;

    o. Surrender of all passports and other travel documents and no applications for new or replacement documents;

    p. No contact with any co-defendants, witnesses or suspected witnesses, current or former members of the narcotics conspiracy to which the defendant pleaded guilty, or known members of any gang;

    q. Drug testing as directed by the Pretrial Services Office;

    r. No possession of any firearm, destructive device, or other weapon;

    s. No possession or use of any narcotic drug or controlled substance unless prescribed by a licensed medical practitioner;

    t. Release directly from the MCC upon the execution of the bond by co-signers Janine Williams and Alan Walker, Jr., with all other conditions to be satisfied within one week of the date of this Order unless otherwise set forth in this Order;

2. The Pretrial Services Office is directed to immediately alert the Court, the Government, and defense counsel of any violation of the above conditions, without need for a formal violation petition.  The defendant is hereby notified that any violation of the conditions of release will likely result in revocation of this temporary release.

3. Defense counsel is directed to submit a status update letter to the Court once every two weeks, informing the Court as to the defendant's status, health, and compliance with the conditions of release.

4. This Order is subject to modification or revocation by the Court at any time.  The Court intends to terminate the defendant's temporary release and return the defendant to presentence detention as soon as the Court concludes that the unique circumstances giving rise to this Order no longer exist.

SO ORDERED.

Dated: New York, New York
May 7, 2020

_____
KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK